UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE EDWARD WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-01651-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Lawrence Edward Williams' motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following a one-day jury trial held on July 14, 2014, a jury found Petitioner guilty of the crime charged. On October 22, 2014, Petitioner was sentenced to 66 months' imprisonment.

Petitioner filed a direct appeal, and the Eighth Circuit affirmed the judgment and sentence of this Court on August 7, 2015. Petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on March 21, 2016. On November 1, 2015, Petitioner filed the present motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For federal habeas relief, Petitioner claims he received ineffective assistance of counsel because counsel failed to file a motion to dismiss

for violation of the Speedy Trial Act ("the Act").[1] For the reasons set forth below, federal habeas relief will be denied.

## **DISCUSSION**

In order to prevail on an ineffective-assistance-of-counsel claim, a petitioner must meet the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984): (1) he must show that counsel's performance was so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 690, 694. Consequently, counsel is not ineffective for failing to file a motion that would not have succeeded because the petitioner was not actually prejudiced. *United States v. Johnson*, 707 F.2d 317, 323 (8th Cir. 1983).

The Act requires a defendant to be brought to trial within seventy days of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). The Act also sets forth periods of delay that are excluded from the computation of time within which the trial

---

[1] Petitioner also claimed that in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), his prior felony conviction does not qualify as a crime of violence and, as a result, his sentence was improperly enhanced. The Court ordered the Office of the Public Defender to review the matter and notify the Court whether it wished to pursue Petitioner's arguments with regard to his *Johnson* claim. The office notified the Court that it had no potential arguments for a sentence reduction under *Johnson* and, on December 18, 2015, the Court denied Petitioner's motion for post-conviction relief with regard to his *Johnson* claim only. ECF No. 6. Thus, before the Court remains only one ground for post-conviction relief: that defense counsel was ineffective for failing to file a motion to dismiss on the basis of a Speedy Trial Act violation.

must commence, including, inter alia: (1) delay resulting from any proceeding to determine the mental competency of the defendant; (2) time between filing pretrial motions and the disposition of such motions; and (3) delay resulting from a continuance granted by a judge at the request of the defendant or his counsel if the judge granted such continuance on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(1) – (7).

**Petitioner's Speedy Trial Calculation**

Petitioner contends that on June 26, 2013, seventy qualifying speedy trial days elapsed, resulting in a violation of the Act. ECF No. 15-1. June 26, 2013 is exactly seventy days after the date Petitioner was arraigned on charges (April 17, 2013). However, Petitioner fails to take into account the days that the Act expressly excludes from the computation of time within which trial must commence.

Petitioner appeared before the Magistrate Judge for his initial appearance on April 15, 2013, at which time he was appointed an attorney. Petitioner was arraigned on the charges on April 17, 2013, which starts the speedy trial clock. At that time, defense counsel filed a motion for additional time to obtain and review discovery materials to identify whether any pretrial motions should be filed. The Magistrate Judge granted the motion for additional time the same day, holding:

> [D]enying the Defendant's motion would deny counsel for the Defendant the reasonable time necessary for effective preparation of any pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting this motion outweigh the best interest of the public and the Defendant in a speedy trial, and therefore, the time granted to prepare

3

pretrial motions, or a waiver thereof, is excluded from computation of the Defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(c)(1).

*United States v. Williams*, 4:13-CR-00128-1-AGF, Order Relating to Defendant's Motion to Extend Time to File Pre-Trial Motions and Speedy Trial Act Finding, ECF No. 13 (E.D. Mo. April 17, 2013) ("*U.S. v. Williams*"). This stopped the speedy trial clock for the duration of the extension of time. *See Zedner v. United States*, 126 S.Ct. 1976, 1989-90 (2006) (concluding "if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment . . . must be dismissed").

On April 29, 2013—the date on which the extension of time expired—Petitioner through counsel requested, and the Court subsequently granted, another extension of time until May 6, 2013. On May 6, defense counsel requested an extension to May 13, and on May 10, counsel requested another extension of time, until May 27, to file pretrial motions. Each time the Order granting the extension contained the properly findings under the Act.

On a few occasions, several days elapsed between the date on which Petitioner filed his motion for extension of time and the date on which the Court granted the extension. Those days did not count toward Petitioner's speedy trial computation. *United States v. De La Torre*, 907 F.3d 581, 590 (8th Cir. 2018) ("This [September 1] motion [to continue] stopped the clock until September 6, when the district court granted the requested continuance."). Thus, no speedy trial days elapsed between April 29 and May 27, 2013.

On May 30, 2013, counsel requested another extension of time until June 27 to file pretrial motions, which the Court granted, again with the necessary findings. Thus,

between May 27 (the date the previous extension expired) and May 30, three speedy trial days elapsed.

On June 27, 2013, Petitioner filed a motion for examination of his mental competency, and that motion was granted on July 2, 2013. The psychiatric report was received by the Magistrate Judge on September 18, 2013. Petitioner appeared for a competency hearing on October 2, 2013, at which time the Magistrate Judge found Petitioner competent to stand trial. Pursuant to the Act, the time between June 27 and October 2 is excluded from Petitioner's speedy trial calculation as a "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

On October 2, 2013, Petitioner requested and was granted ten additional days—until October 12—to file pretrial motions. On October 15, 2013, Petitioner requested another extension of time until October 29. Thus, three more days counted toward Petitioner's speedy trial calculation, for a total of six days.

Counsel for Petitioner did not file any motions on October 29. On November 5, Petitioner sought an extension of time to file pretrial motions until November 20, which motion was granted with proper findings under the Act. Thus, between October 29 and November 5, seven additional days counted toward Petitioner's speedy trial clock.

On November 20, 2013, Petitioner requested that a new attorney be appointed, and on November 29, counsel for Petitioner filed a motion for an extension until December 13 to file pretrial motions. On December 11, 2013, defense counsel filed a motion to withdraw upon request of Petitioner, and a hearing was held on December 16, 2013. The

5

period of time starting on November 20 until a hearing was held on counsel's motion to withdraw is excluded under the Speedy Trial Act. *United States v. Yerkes,* 345 F.3d 558, 562 (8th Cir. 2003) (holding that the period of time between the motion to withdraw as attorney is filed and the hearing is held is excluded) (citing 18 U.S.C. 3161(h)(1)(F)).

The Court granted the motion to withdraw and appointed new counsel the next day, December 17, 2013. Newly-appointed counsel entered his appearance on December 19, 2013, and simultaneously requested, and was granted, an extension of time to file pretrial motions. Two speedy trial days elapsed between December 17 and 19, bringing the total days that counted toward Petitioner's speedy trial clock to fifteen.

Petitioner's pretrial motions were due on January 19, 2014, and they were filed on January 21, 2014. Hence, two days elapsed between the date pretrial motions were due and the date they were actually filed, and those days count toward Petitioner's speedy trial calculation, for a total of seventeen days.

For motions that require a hearing, "subsection (F) excludes any period of delay caused by any pretrial motion, from the filing of the motion through the conclusion of the hearing." *Henderson v. United States*, 476 U.S. 321, 326 (1986) (internal quotation marks omitted). The exclusion of pre-trial motion delay is automatic, and the time during which a motion is pending is excludable even if the pendency of the motion is not the cause of the delay. *United States v. Williams*, 557 F.3d 943, 952 (8th Cir. 2009) (internal citations omitted). After the hearing is over, the district court might require supplemental filings from the parties in order to properly resolve the motion. *Id.* "The time during which the district court is awaiting these filings is excluded." *Id.* (citation omitted). Once the

submissions have been received, "prompt disposition" of pretrial motions is required in order to exclude time, and § 3161(h)(1)(J) excludes a maximum of 30 days from the point a motion is actually taken under advisement. *Id.*

A prompt evidentiary hearing on Petitioner's pretrial motions was held on March 6, 2014. The Magistrate Judge ordered an expedited transcript of the hearing, and thereafter, ordered that any post-hearing briefs be filed no later than March 24, 2014. Petitioner filed a post-hearing brief on March 24, 2014, and the Magistrate Judge issued his Report and Recommendations ("R & R") on April 24, 2014. The 30-day time period for issuing a ruling began to run when Petitioner filed his post-hearing brief on March 24, 2014. Thus, when the Magistrate Judge filed his R & R on April 24, 2014 (31 days after the briefs were filed), only one day counted toward Plaintiff's speedy trial calculation, for a total of eighteen days.

On April 28, 2014, the Court set the matter for a trial on June 16, 2014, which allowed for fourteen days to file any objections to the R & R, a response to any objections, and thirty days to rule on any objections.[2] However, two days later, on April 30, 2014, newly-appointed counsel filed a motion to continue the trial setting and attached a speedy trial waiver executed by Petitioner. *U.S. v. Williams*, ECF No. 82, 82-1. The speedy trial waiver signed by Petitioner stated that Petitioner had been advised by counsel and understood the requirements of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, but that he believed the ends of justice would be best served by executing a waiver of speedy trial. He also stated that he understood that the postponement of the trial date would be excluded

---

[2] If no objections to the R & R were filed, only nine speedy trial days would expire.

from the calculation of his right to a speedy trial. That motion to continue was granted the following day, with findings that the time requested is properly excluded under the Act, and the trial was rescheduled for July 7, 2014. On May 8, Defendant filed timely objections to the R & R. The Court thereafter requested that the United States respond to the objections by May 30, 2014. On June 9, 2014, the Court entered an Order overruling the objections to the R & R.

Meanwhile, Petitioner's counsel filed several trial-related motions. On July 7, 2014, the Court directed that the case would begin on July 14, 2014, the second week of the three-week criminal docket. Thus, assuming there were no other outstanding motions, at most seven additional speedy trial days would accrue. However, on July 9, 2014, Petitioner filed a pro se motion to appoint new counsel (*U.S. v. Williams,* ECF No. 107), thus stopping the speedy trial clock once again. The Court set a hearing on Defendant's motion for July 11, 2014, to be held in conjunction with the final pretrial conference.

At the pretrial conference, Petitioner made a pro se oral motion to dismiss based on an alleged violation of the Act. The Court denied Petitioner's motion, stating "I have carefully reviewed the court's docket sheet in this matter and reviewed my notes of the ex parte portion of the hearing with the defendant that we had on Friday, and based upon that careful review of the docket, I find no basis to dismiss this case for any violation of the Speedy Trial Act . . . ." *Id.*, ECF No. 178 at 6. Specifically, the Court noted that the Act contains exclusions that do not count toward the speedy trial calculation, including pending motions, as well as the time Petitioner spent challenging his competency to stand trial.

The Court explained its calculation to Petitioner, concluding that no speedy trial violation had occurred.

In his § 2255 motion, Petitioner makes essentially two arguments. First, he argues that he received ineffective assistance of counsel because his attorney advised Petitioner to waive his speedy trial rights on April 28, 2014 – which he claims was the "date & time trial was due & had expired." ECF No. 1, at 4.[3] He also asserts that his Speedy Trial Act rights were violated, and that counsel was ineffective for failing to file a motion to dismiss based on a violation of the Act, when the Court continued the trial from the first week of the two week trial docket (July 7, 2014) to the second week (July 14, 2014). Petitioner previously asserted these two grounds in the ex parte hearing held on July 11, 2104. Neither of these arguments have merit.

Petitioner's first argument appears to be based on an assumption that the time for trial under the Act expired on April 28, 2014. But this is incorrect. April 28, 2014 was just two days after the Magistrate Judge filed the R & R, and was the date that the Court issued a trial setting of June 16, 2014 – well within the time limits set by the Act. As set

---

[3] At various times during the pretrial phase, Petitioner also asserted that time should not have been excluded to permit defense counsel additional time to file pretrial motions, or to evaluate whether he was competent to stand trial. However, it is clear from other pro se filings that Petitioner wanted counsel to assert those pretrial motions and others, as well. And, even after the Magistrate Judge found Petitioner competent, he quarrels with that finding in a pro se filing dated October 10, 2013 and filed as a motion for reconsideration on October 16, 2013 (*U.S. v. Williams*, ECF No. 37). Then, in a later filing, he complains that the Magistrate Judge's delay in formally ruling on the motion for reconsideration deprived him of fourteen days to object to the ruling. (*Id.*, ECF No. 87). From a careful review of the file, the Court finds that the requests for additional time were reasonable, especially in light of the fact that Petitioner and his attorney had disagreements regarding how to proceed. The Court finds no basis for Petitioner's suggestions that any such motions or the request for a competency exam were frivolous or made for improper reasons.

forth in the Government's Response to the Order to Show Cause (ECF No. 14), even without any exclusion of days based on the motion for continuance filed by defense counsel, the trial setting of July 14, 2014 was still within the time frame allowed by the Act.

Nor was Petitioner somehow misled by defense counsel's advice. This particular attorney had been appointed as substitute counsel for Petitioner's prior counsel at Petitioner's request. He had only been representing Petitioner for a little over four months at that time, after filing and presenting numerous motions on Petitioner's behalf, and he could not have known what the trial setting would be until it was issued on April 28, 2014. The nature of counsel's scheduling conflict was discussed with Petitioner (a fact confirmed by Petitioner's statements at the hearing and in other pro se filings) and was fully disclosed in the motion which accompanied the waiver of speedy trial rights, which Petitioner signed. Petitioner's assertion that this advice was misleading or prejudicial because it failed to disclose that Petitioner was entitled, under the Act, to have his trial commence on April 28, 2014, fails because the time period under the Act had not expired by April 28, 2014.

Petitioner's argument with respect to the Court's decision to continue the trial date to July 14, 2014, also fails. The Court has carefully reviewed the docket sheet entries in the underlying criminal matter. After performing an independent calculation of the number of days that count toward the speedy trial computation, excluding, inter alia, the days resulting from Petitioner's proceedings to determine mental competency, the days between filing pretrial motions and their disposition, and the days resulting from requests for a continuance, the Court finds that fewer than 70 qualifying days elapsed between the

date Petitioner first appeared before the Court and trial, and, as a result, no speedy trial violation occurred.

Nor was defense counsel ineffective for declining to file a motion to dismiss based on the Act when the trial was continued for one week to July 14, 2014. The decision whether to move to dismiss for a speedy trial violation is a tactical decision of trial strategy and, therefore, may be a basis for habeas relief for ineffective assistance of counsel. *Thomas v. United States*, 737 F.3d 1202, 1208–09 (8th Cir. 2013). However, here, counsel's performance was not deficient, nor can Petitioner demonstrate prejudice for failure to file such a motion because that motion would not have succeeded. *See, e.g., Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (counsel's failure to advance a meritless argument cannot constitute ineffective assistance).

Petitioner also cannot establish prejudice for other reasons. First, Petitioner in fact filed a pro se motion to dismiss based on the Act, which the Court fully considered prior to trial. Thus, the motion Petitioner asserts counsel should have asserted was considered and ruled on prior to trial. And defense counsel fully preserved that argument in his motion for acquittal or new trial. (*U.S. v. Williams*, ECF No. 129 at ¶ 15). Further, when asked at the hearing on July 11, 2014, what prejudice he suffered as a result of the one-week delay in the trial date, Petitioner offered only the insufficient ground that it permitted the prosecutor more days to prepare. Thus, Petitioner's motion to vacate will be denied.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or

substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (standard for issuing a Certificate of Appealability).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Lawrence Edwards Williams' motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255 is **DENIED**. ECF No. 1.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued. A separate Judgment shall accompany this Memorandum and Order.

                                                                      */s/ Audrey G. Fleissig*
                                                                      AUDREY G. FLEISSIG
                                                                      UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2019.